UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIMBERLY BUSH, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-07-cv-182 (JCH) |
| | : | |
| NUVELL CREDIT CO., LLC | : | |
|     Defendant. | : | JULY 19, 2007 |

**RULING RE: DEFENDANT'S MOTION TO DISMISS [Doc. No. 6]**

The plaintiff, Kimberly Bush, brought this action against the defendant, Nuvell Credit Company, LLC ("Nuvell"), alleging violations of Connecticut's Retail Installment Sales Financing Act ("RISFA"), Conn. Gen. Stat. § 36a-770 et seq. Nuvell has filed a Motion to Dismiss [Doc. No. 6] Bush's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the following reasons, Nuvell's motion is granted in part.

**I.    STANDARD OF REVIEW**

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to

dismiss).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), considers whether the court lacks constitutional authority to adjudicate the suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000); see also Auerbach v. Board of Educ. of the Harborfields, 136 F.3d 104, 108 (2d Cir.1998). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer, 416 U.S. at 236). However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted).

However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

## II. DISCUSSION[1]

In connection with a purchase of a Pontiac Grand Am from a Texas car dealership, Bush entered into a Retail Installment Sales Contract, which was assigned to Nuvell. In November 2005, Nuvell repossessed the vehicle, and sent Bush a "NOTICE of our plan to sell property" on or around November 28, 2005. Nuvell sold the vehicle at a private auction on or around February 8, 2006. Bush claims Nuvell failed to comply with RISFA regarding Nuvell's repossession and sale of the vehicle.

Nuvell claims that RIFSA does not apply because it requires the installment loan contract to be made in Connecticut. Indeed, Conn. Gen. Stat. § 36a-770(c)(7) and (c)(12) define "installment loan contract" and "retail installment contract" as agreements "made in this state," which phrase is further defined as:

> (A) An offer or agreement is made in Connecticut by a retail seller or a lender to sell or extend credit to a resident retail buyer, including, but not limited to, any verbal or written solicitation or communication to sell or extend credit originating outside the state of Connecticut but forwarded to and received in Connecticut by a resident retail buyer; or (B) an offer to buy or an application for extension of credit, or an acceptance of an offer to buy or to extend credit, is made in Connecticut by a resident retail buyer, regardless of the situs of the contract which may be specified therein, including, but not limited to, any verbal or written solicitation or communication to buy or to have credit extended, originating within

---

[1] The court takes the facts alleged by the Complaint [Doc. No. 1] as true for purposes of this motion and draws all reasonable inferences in the plaintiff's favor. Any documents, such as the Retail Installment Sales Contract, that are referenced in the complaint may also be considered by the court. Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir.1996) ("In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party.")

the state of Connecticut but forwarded to and received by a retail seller or a lender outside the state of Connecticut. For purposes of this subdivision, a "resident retail buyer" means a retail buyer who is a resident of the state of Connecticut.

Id. at § 36a-770(c)(9).

When Bush executed the Retail Installment Sales Contract on or around March 10, 2001, both the car dealership as well as Bush herself resided in Texas. See Def.'s Loc.R.Civ.P. 56(a)1 Statement ("Def.'s Stat.") at Ex. A, Retail Installment Sales Contract. Based on the sound argument presented by Nuvell, and because Bush has not opposed this motion and provided evidence of any nexus with Connecticut,[2] the motion to dismiss as to the RISFA count (Count I) is granted absent objection.

Although Nuvell stated in its brief that Bush's Complaint "appears to be entirely based upon alleged violations of RISFA," see Def.'s Mem. in Supp. at 2, Nuvell did not specifically address Bush's other counts brought under both federal and state law. Therefore, the court only grants Nuvell's motion to dismiss the RISFA count.

### III. CONCLUSION

For the foregoing reasons, Nuvell's Motion to Dismiss **[Doc. No. 6]** is GRANTED in part and DENIED in part. It is GRANTED as to Count I, absent objection, and DENIED as to Counts II through VII.

---

[2]The court notes that Bush did not file an opposition to Nuvell's Motion to Dismiss. When the court contacted plaintiff's counsel regarding this, he indicated that he would file a stipulation to the Motion to Dismiss; however, as of the date of this Ruling, nothing has been filed.

4

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of July, 2007.

_____
                              Janet C. Hall
                              United States District Judge